1
2
3
4
5
6
7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10  O. PAUL SCHLENVOGT and
    DARREL L. ESPINOSA,
11

12            Plaintiff,             CIV-S-06-1192 MCE GGH PS

13        vs.

14  SCOTT MARSHALL, et al.,

15            Defendants.            ORDER
                              /
16

17        This action, in which plaintiff is proceeding pro se, has been referred to the

18  undersigned pursuant to E.D. Cal. L.R. 72-302(c)(21).  Before the court is the motion to sever,

19  filed on June 14, 2006,[1] by defendant City of Williams.  Plaintiffs have filed an opposition to

20  which defendant filed a reply.

21        Fed. R. Civ. P. 21 provides that parties may be dropped by the court at any stage

22  of the proceedings, and that claims may be severed and proceeded with separately.  Plaintiff

23  Espinosa has already been identified as vexatious by this court while plaintiff Schlenvogt does

24  not have a history of federal lawsuits in this court.  See Espinosa v. Rudolph, Civ.S. 04-0203

25  _____

26    [1] An amended motion was filed on June 23, 2006.

1

MCE GGH PS. This instant complaint contains 27 counts plus three claims for relief.[2] Almost all of them concern plaintiff Espinosa only. Only counts 26 and 27[3] concern plaintiff Schlenvogt and they are for the most part separate from the claims brought by Espinosa. Schlenvogt alleges that as a witness to a murder for hire scheme by defendant Villasenor, he was illegally arrested to prevent him from communicating with federal investigators, falsely imprisoned in jail for six days, released from jail without the opportunity to go before a magistrate, and threatened with bodily force. He also claims that his vehicle was seized by defendants Villasenor and Troughton, and that his minor child was threatened during a robbery by these two defendants. (Compl. at 26-27.) Schlenvogt claims that as a result of the false imprisonment, he lost his income from his bee hive business. (Id.) Plaintiff Espinosa is involved in none of these claims. The only claim tenuously related to Espinosa's claims is that Schlenvogt was a witness to a murder for hire plot alleged by Espinosa. Of the remaining 25 or more claims, they relate only to Espinosa and his problems with title to property.

Accordingly, for the reasons stated herein, IT IS ORDERED that:

1. Defendant City of Williams' motion to sever, filed June 14, 2006, as amended on June 23, 2006, is granted.

2. The Clerk of the Court is directed to open a new action for plaintiff Schlenvogt which is to be assigned to the same judges as are assigned to the instant action. The Clerk shall also duplicate all filings in the instant case and enter them in the new action.

DATED: 7/21/06                          /s/ Gregory G. Hollows

                                        _____
                                        GREGORY G. HOLLOWS
schlenvogt1192.sev                      UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiffs filed a first amended complaint on June 21, 2006, after defendant City of Williams filed its answer. It will be addressed in a separate order; however, its claims will not be considered for purposes of this order because plaintiffs did not seek leave of court before filing it. Fed. R. Civ. P. 15(a).

[3] There are two separate counts which are both enumerated number 26. (Compl. at 25-26.)