IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREL L. ESPINOSA,

    Plaintiff,       No. CIV S-06-1192 MCE GGH PS

    vs.

SCOTT MARSHALL, et al.,

    Defendants.       <u>ORDER</u>

_____/

    Previously pending on this court's law and motion calendar for January 18, 2007, was a motion for order staying proceedings and awarding costs and/or requiring plaintiff to post a vexatious litigant bond, filed by defendants Marshall, Villasenor, Troughton, Morton, Pearson, Wheeler, Turner, Scroggins, Poyner, Moran, County of Colusa, Colusa County Sheriff's Department, Franklin, Ferrannini and Downey Brand LLP ("Defendants") on November 21, 2006. Plaintiff filed an opposition to which defendants filed a reply.

<u>BACKGROUND</u>

    This is the fourth lawsuit filed by Espinosa relating to the foreclosure on and sale of his parents' property in Colusa County. The previous three cases are closed, the previous one terminated after the court found plaintiff to be a vexatious litigant. The background of the previous cases was fully set out in the 2004 case and is reprinted here:

> To put the pending motion/order in perspective, the court observes that this is the third action filed by plaintiff in this court regarding the default by his parents on a loan from The

Money Store, which resulted in a foreclosure sale of the family home. In CIV S-00-2010 MCE GGH PS, plaintiff and his mother filed an action against The Money Store and other entities associated with the sale of the property alleging incorrect billings by the defendants for the purported purpose of defrauding plaintiffs and extorting money and depriving plaintiffs wrongly of the real property secured on the loan.[1] Plaintiff Darrell Espinosa was dismissed from this action after he failed to file an amended complaint clarifying whether he had standing to raise the legal claims as the executor or administrator of his father's estate. On October 23, 2002, the court granted defendants' summary judgment motion as to remaining claims made by plaintiff's mother. In particular, the court found no merit to her claims for common law fraud, and violations of RICO and the Fair Debt Collections Practices Act.

In CIV S-02-0800 MCE GGH PS plaintiff sued the Colusa County Superior Judges who ruled that the Bank of New York had legitimate title to the property following unlawful detainer proceedings against him. The court dismissed the claims against these defendants on grounds that it lacked jurisdiction pursuant to the Rooker-Feldman doctrine because plaintiff was seeking review of a state court decision. Plaintiff also sued defendants The Bank of New York, the Money Store, Inc., Wachovia Corporation, Homeq Servicing Corporation, Kronich, Moskovitz and Girard, Bruce Scheidt and Sarah Domich. The gravaman of plaintiff's claims against these defendants was a challenge to the state court judgment against him. The court dismissed the claims against these defendants pursuant to the Rooker-Feldman doctrine as well.

Plaintiff also sued Colusa County Deputy District Attorney Poyner, Colusa County Undersheriff Scroggins and Colusa County Deputy Sheriffs Shuman and Rudolph and private citizen Charlene Metcalf for violations of RICO. The court dismissed the RICO claims for failing to demonstrate a substantive RICO violation. Several other defendants were dismissed due to lack of timely service. The court entered judgment in CIV S-02-0800 MCE GGH PS on April 3, 2003.

The instant action is proceeding on the original complaint filed January 29, 2004. Named as defendants are Colusa County Deputy Sheriffs Rudolph, Morton, Wheeler, Turner and Villasenor, Colusa County Sheriff Marshall, Larry Leroy Walkup Jr., Lori Walkup, William Edward Richards and Steven Lewis Corkhill.

Plaintiff alleges that he is the legal title holder of property legally described as Lot 227 and Lot 246 located in Colusa County, i.e. the property that had belonged to his parents.

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

> The court will refer to this property as the "Colusa property." Plaintiff alleges that the Colusa property was illegally sold by Fidelity National Foreclosure Solutions to the Bank of New York. The Bank of New York then illegally sold the Colusa property to defendants Larry and Lori Walkup.
>
> Plaintiff alleges that defendants Rudolph, Morton, Marshall, Wheeler, Turner and Villasenor improperly enforced the titles held by the Walkup defendants and conspired to take the Colusa property away from plaintiff in order to chill his participation in public affairs. The complaint alleges nine causes of action.
>
> On October 20, 2004, the court issued its Findings and Recommendations. Specifically, the court found that Claim 5 alleging that defendants conspired to interfere with plaintiff's property rights was barred by the Rooker-Feldman doctrine and should be dismissed. The court next concluded that Claims 7, 8 and 9 did not state legal claims. Rather, they stated grounds for relief. However, in claims 7 and 8 plaintiff sought orders from the court declaring that he is the legal owner of the Colusa property. The court could not order this relief because to do so would implicitly challenge the unlawful detainer ruling by the state court. Accordingly, these claims for relief were also recommended for dismissal. The court then ruled that Claim 6 alleging that defendants conspired to chill plaintiff's right to free speech by agreeing that no one would be prosecuted for committing criminal acts on plaintiff should be dismissed with leave to amend for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Because plaintiff had not stated a colorable federal claim, the court did not determine whether it would exercise supplemental jurisdiction over plaintiff's state law claims. 28 U.S.C. § 1367. Accordingly, the court refused to address the remainder of the defendants' motion insofar as it moves to dismiss the state law claims.

Espinosa v. Wheeler, Civ. S. 04-0203 MCE GGH PS, Order, filed December 15, 2004.

That order found that the requirements necessary to declare plaintiff a vexatious litigant had been met. As a result, plaintiff was directed to dismiss the action or post security for costs in the amount of $10,000. The court later withdrew the portion of its order requiring plaintiff to choose between dismissing his action or posting a vexatious litigant bond, with a specific notation that all other parts of the order remained in effect. Order, filed December 22, 2004. Later, the court dismissed the action because plaintiff did not comply with court orders. Findings and Recommendations, filed July 11, 2005; Order, filed August 18, 2005. The district court's judgment was affirmed on appeal on August 25, 2006.

1   The instant action was filed on June 1, 2006.[2] It names approximately 33 defendants, including many named in the previous actions. Claims include racketeering, conspiracy, murder for hire, aiding and abetting murder, extortion, retaliation, kidnaping, transportation and receipt of stolen property, money laundering, obstruction of justice, intimidation, and interference with interstate commerce. As in his prior lawsuits, plaintiff continues to demand that he is the rightful owner of property once occupied by his parents, but which was previously the subject of an unlawful detainer judgment and quiet title action.[3]

DISCUSSION

Defendants bring the instant motion under Fed. R. Civ. P. 41(d), which permits the court to order plaintiff to pay costs of a previously dismissed action and stay the current proceedings until plaintiff has complied. This rule is to deter plaintiffs from bringing another action following a previously dismissed action which included the same claim against the same defendant. As an additional request, or in the alternative, defendants request that plaintiff be required to post a vexatious litigant bond before proceeding with this litigation because this court previously declared him a vexatious litigant, and was upheld by the Ninth Circuit. See Request for Judicial Notice, filed November 21, 2006, Exhs. T-U. Plaintiff was also declared a vexatious litigant in state court. Id., Exh. Q.

Plaintiff's opposition does not address defendants' motion, but instead claims that the court is barred from considering previous state and federal actions, that the judgment in previous case number Civ.S. 00-2010 is void, that plaintiff can establish a claim upon which relief may be granted, that defendants are not entitled to immunity, and that this motion is akin to

---

[2] The original complaint was also brought by co-plaintiff Schlenvogt; however, Schlenvogt was severed from the instant action on July 21, 2006, and is proceeding with a separate action, Civ.S. 06-1613 MCE GGH PS.

[3] On May 4, 2006, the Third District Court of Appeal dismissed the appeal of quiet title judgment in case no. CV23301. Defendants' Request for Judicial Notice, filed November 21, 2006, Exh. P.

seeking criminal contempt, which is a matter not within the magistrate judge's authority.

Although Defendant's 41(d) motion may apply even where the previous action was not voluntarily dismissed, Hacopian v. U.S. Dept. of Labor, 709 F.2d 1295 (9th Cir. 1983), the court prefers to address defendants' request for a bond, as it has previously found plaintiff to be a vexatious litigant.[4]

The All Writs Act, 28 U.S.C. § 1651, vests federal courts with the discretion to enjoin certain litigants from engaging in frivolous litigation. Clinton v. United States, 297 F.2d 899 (9th Cir. 1961). The courts may exercise their discretion to prevent litigants from subjecting others to "repeated, baseless and vexatious at law on some particular subject matter." Id. at 901 (citations omitted). Under the statute, a court may restrict litigants with abusive and lengthy histories from submitting future filing of actions or papers provided that it: (1) gives the litigant an opportunity to oppose the order before it is entered, *i.e.*, notice; (2) creates an adequate record for review; (3) makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) drafts a sufficiently detailed order. De Long v. Hennessey, 912 F.2d 1144, 1145-48 (9th Cir. 1990).

Several sources also permit the court to order a plaintiff to post security. Simunet East Associates v. Ramada Hotel Operating Company, 37 F.3d 573, 574 (9th Cir. 1994); In re Merrill Lynch Relocation Management, Inc., 812 F.2d 1116, 1121 (9th Cir. 1987). One purpose of authorizing security is to allow the court to have some control over the administration of a lawsuit. See Ilro Productions, Ltd. v. Music Fair Enterprises, 94 F.R.D. 76, 78 (S.D.N.Y.1982) (citing Leighton v. Paramount Pictures Corp., 340 F.2d 859, 861 (2d Cir. 1965)). In determining whether to impose a bond, the court may "take all the pertinent circumstances into account including the conduct of the litigants and the background and purpose of the litigation." Leighton, 340 F. 2d at 861.

---

[4] Much of the following discussion is repeated verbatim from the court's December 15, 2004 vexatious litigant order.

5

1    Additionally, "[w]hile no federal statute authorizes security for costs, the District
2 Courts may make their own rules not inconsistent with the Federal Rules of Civil Procedure."
3 Russell v. Cunningham, 233 F.2d 806, 811 (9th Cir. 1956) (citing Fed. R. Civ. P. 83).  See also
4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1025 (2002).  Local
5 Rule 65.1-151(b) permits the court at any time, on its own motion or that of a party, to order a
6 party to give security, bond, or undertaking in such amount as the court may at any time
7 determine to be appropriate.  Finally, this Circuit has acknowledged the "inherent power of
8 federal courts to regulate the activities of abusive litigants by imposing carefully tailored
9 restrictions under the appropriate circumstances."  De Long v. Hennessey, 912 F.2d 1144, 1146
10 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. S 1651(a), for
11 issuing an order requiring a litigant to seek permission from the court prior to filing any future
12 suits).

13    Local Rule 65.1-151(b) provides: "The provisions of Title 3A, part 2, of the
14 California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a
15 procedural rule of this Court on the basis of which the Court may order the giving of security,
16 bond, or undertaking, *although the power of the court shall not be limited thereby*."  (emphasis
17 added).

18    Cal. Code Civ. P., Title 3A, part 2, commences with § 391.  Cal. Code Civ. P. §
19 391.1 requires a party to furnish security on a showing that (1) the party is a vexatious litigant,
20 and (2) there is no reasonable probability that she will prevail in the instant litigation.[5]  Under

---

[5] Cal Code Civ. Pro. § 391 provides:
    As used in this title, the following terms have the following meanings:
    a) "Litigation" means any civil action or proceeding, commenced, maintained or pending in any state or federal court.
    (b) "Vexatious litigant" means a person who does any of the following:
    (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i)

6

finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

(c) "Security" means an undertaking to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant.

(d) "Plaintiff" means the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained, including an attorney at law acting in propria persona.

(e) "Defendant" means a person (including corporation, association, partnership and firm or governmental entity) against whom a litigation is brought or maintained or sought to be brought or maintained.

391.2. provides:

At the hearing upon such motion the court shall consider such evidence, written or oral, by witnesses or affidavit, as may be material to the ground of the motion. No determination made by the court in determining or ruling upon the motion shall be deemed to be a determination of any issue in the litigation or of the merits thereof.

391.3. provides:

If, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix.

391.4. provides:

When security that has been ordered furnished is not furnished as ordered, the litigation shall be dismissed as to the defendant for

state law, a vexatious litigant is, <u>inter alia</u>, a person acting pro per who: (a) attempts to relitigate finally determined litigation, § 391(2); or (b) repeatedly files unmeritorious motions, pleadings, or other papers, § 391(3).

One purpose of authorizing security for costs is to allow the court to have some control over the administration of a lawsuit. <u>See</u> <u>Illro Prods. Ltd v. Music Fair Enterprises</u>, 94 F.R.D. 76, 78 (S.D.N.Y. 1982) (citing <u>Leighton v. Paramount Pictures Corp.</u>, 340 F.2d 859, 861 (2d Cir. 1965)). In determining whether to impose a bond, the court may "take all the pertinent circumstances into account including the conduct of the litigants and the background and purpose of the litigation." <u>Leighton</u>, 340 F.2d at 861.

At hearing, plaintiff attempted to argue that this case is different from his previous actions because for the first time he is making a claim for personal property which he claims was taken from him, including cars, antiques, farm equipment, and shop equipment. A review of the complaint in this case indicates that there is no claim for this type of personal property. In fact, the only personal property which is the subject of any of his causes of action is the deed to his real property. <u>See</u> e.g. Compl. ¶ 24. Plaintiff does make a vague reference to personal property stored on the real property at issue, but does so in only *one* of the 133 paragraphs of his complaint, compl. ¶ 111; however, the main thrust of his complaint is the real property which has been litigated numerous times before. As this court stated in its December 15, 2004 order, it remains to be seen whether this new claim may be justified. It appears problematic because it

---

whose benefit it was ordered furnished.
391.6. provides:
  When a motion pursuant to Section 391.1 is filed prior to trial the litigation is stayed, and the moving defendant need not plead, until 10 days after the motion shall have been denied, or if granted, until 10 days after the required security has been furnished and the moving defendant given written notice thereof. When a motion pursuant to Section 391.1 is made at any time thereafter, the litigation shall be stayed for such period after the denial of the motion or the furnishing of the required security as the court shall determine.

may depend on plaintiff's assertion of holding title to the real property at issue.

Plaintiff has had more than ample opportunity to litigate the issue of whether he should be declared vexatious. Having failed to show that this court's previous vexatious litigant order should be reconsidered, plaintiff has instead attempted to argue only the merits of the present case. The instant case for the most part is simply a repeat of issues already decided adversely to plaintiff, and is merely a continuation of plaintiff's abuse of the court system and harassment of defendants.

In the previous case, the court withdrew its order requiring plaintiff to choose between dismissing his action or posting a vexatious litigant bond based on Wolfe v. Strankman, 392 F.3d 358 (9th Cir. 2004) (limiting judge's authority to act on own motion). Espinosa v. Wheeler, Civ. S. 04-0203 MCE GGH PS, Order, filed December 22, 2004. Wolfe does not prohibit the posting of such a bond here as it has now been requested by a party. Furthermore, the court's previous order declaring plaintiff to be a vexatious litigant was not withdrawn.

Therefore, plaintiff will be required to post a bond before this action may proceed. If no bond is posted within the time period allotted, the court will recommend this action be dismissed.

CONCLUSION

In accordance with the foregoing, IT IS ORDERED that:

1. Defendants' motion for order staying proceedings and awarding costs and/or requiring plaintiff to post a vexatious litigant bond, filed by defendants Marshall, Villasenor, Troughton, Morton, Pearson, Wheeler, Turner, Scroggins, Poyner, Moran, County of Colusa, Colusa County Sheriff's Department, Franklin, Ferrannini and Downey Brand LLP on November 21, 2006, is granted in part and denied in part.

2. Plaintiff shall post security with the Clerk of this Court for costs in the amount of $10,000 within fifteen days of this order. The security shall either consist of a cash amount or a valid corporate surety bond. Failure to post security will result in a recommendation that this

1  action be dismissed.

2        3. Unless and until security is posted, and with the exception of seeking

3  reconsideration of this order with the district judge, plaintiff shall not make further filings in this

4  lawsuit; defendants need not respond to any further filings, with the exception of a motion to

5  reconsider, absent further order of the court.

6  DATED: 1/26/07                     /s/ Gregory G. Hollows

7                                               GREGORY G. HOLLOWS
                                             UNITED STATES MAGISTRATE JUDGE

8  GGH/076
espinosa1192.bnd