IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREL L. ESPINOSA,

    Plaintiff,                                No. CIV S-06-1192 MCE GGH PS

    vs.

SCOTT MARSHALL, et al.,

    Defendants.                            FINDINGS AND RECOMMENDATIONS

_____/

BACKGROUND

        This action, in which the plaintiff is proceeding pro se, has been referred to the undersigned pursuant to E.D. Cal. L.R. 72-302(c)(21). On January 26, 2007, this court granted in part defendants' motion for order staying proceedings and awarding costs and/or requiring plaintiff to post a vexatious litigant bond, filed November 21, 2006, and ordered plaintiff to post security for costs in the amount of $10,000 within fifteen days of that order. The order was based on three previous cases brought by plaintiff in this court, the last of which found plaintiff to be a vexatious litigant. See Espinosa v. Wheeler, Civ. S. 04-0203 MCE GGH PS, Order, filed December 15, 2004.

        The January 26, 2007 order warned plaintiff that failure to post security would result in a recommendation that this action be dismissed. Plaintiff was permitted to file a motion for reconsideration, which he did on February 7, 2007. That motion was denied by the district

1  court on March 8, 2007.  On March 16, 2007, this court informed plaintiff that if he did not post
2  a bond within fifteen days of the March 8th denial of motion for reconsideration, this court would
3  recommend dismissal of his action.  Plaintiff has not posted a bond.  Therefore, the court will
4  recommend dismissal of this action, and enter a pre-filing vexatious litigant order.

5  <u>VEXATIOUS LITIGANT ORDER</u>

6            The January 26, 2007 order set forth a summary of the three previous cases filed
7  by plaintiff as well as the instant case.  In all of the cases, plaintiff has sued Colusa County
8  officials, the Money Store, their lawyers, and judges who rule against plaintiff in his lawsuits.
9  The suits are based on the default by plaintiff's parents on a loan from The Money Store which
10 resulted in the foreclosure sale of their family home in Colusa County.  The undersigned
11 incorporates that discussion herein.

12           As the court stated previously in summarizing these four actions, and in the
13 previous action in which plaintiff was declared to be a vexatious litigant, plaintiff clearly
14 qualifies as a vexatious litigant based on his having filed three cases which were adversely
15 decided, his repeated attempts to either re-litigate past decisions or the same issues which were
16 previously fully litigated, and his having filed numerous frivolous motions.  Based on the number
17 and content of these cases, the court directed the posting of a security bond in the January 26,
18 2007 order.  Due to plaintiff's failure to post the bond and the district court's denial of his
19 request for reconsideration of the order requiring it, as well as the Ninth Circuit Court of Appeals
20 affirmation of the district court's judgment in the previous case entering the vexatious litigant
21 order, and in accordance with this court's December 15, 2004 order in <u>Espinosa v. Wheeler</u>, Civ.
22 S. 04-0203 MCE GGH PS, and the January 26, 2007 order in the instant case, the court now
23 recommends that the district court enter a vexatious litigant order.

24           The court has considered and applied the vexatious litigant order law set forth in
25 <u>DeLong v. Hennessey</u>, 912 F.2d 1144 (9th Cir. 1990).  The requirements of that case have been
26 met.  Plaintiff should not be permitted to continually harass those persons who he believes,

despite court judgments to the contrary, have in some way contributed to the loss of the subject property.  Nor should he be able to predicate new court actions on sham sequellae of that property loss, e.g., suing the lawyers or other persons involved in the previous action(s).

DISMISSAL OF THE INSTANT ACTION

In the January 26th order, plaintiff was directed to post security within fifteen days and that failure to post bond would result in a recommendation that the instant action would be dismissed.  Plaintiff was also permitted to file a request for reconsideration.  Plaintiff filed a motion for reconsideration which was denied.  This court then issued another order on March 16, 2007, warning plaintiff that if he did not post a bond within fifteen days of the district court's March 8, 2007 denial of his motion for reconsideration, this court would recommend dismissal of his case.  No bond was posted.  Based on plaintiff's failures to comply with the aforementioned orders and the vexatious litigant finding in plaintiff's previous case, this court now recommends that the instant action be dismissed with prejudice.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The following pre-filing review order be entered based on the court's January 26, 2007 order and this court's December 15, 2004 vexatious litigant order in Espinosa v. Wheeler, Civ. S. 04-0203 MCE GGH PS:  (1) Plaintiff shall not initiate any further pro se action in this court unless the pleadings initiating the action are accompanied by a declaration under penalty of perjury that explains why plaintiff believes he has meritorious claims.  The declaration shall include a list of all previous actions plaintiff has filed in this or any court, identifying named defendants and all claims made in the previous actions.  Plaintiff shall certify that the defendants named in the proposed action have never before been sued by plaintiff, or alternatively that any claims against previously sued defendants are not related to previous action[s].  The declaration shall also state that the claims are not frivolous or made in bad faith, and that plaintiff has conducted a reasonable investigation of the facts and the investigation

supports his claim(s). Finally, a copy of this order shall be attached to any application. (2) The Clerk shall not file or lodge any action submitted pro se by plaintiff unless it is accompanied by the required declaration and a copy of the instant order; any such incomplete filings shall be returned to plaintiff without further action of the court. (3) If plaintiff files a pro se action accompanied by the required declaration, the Clerk shall open the matter as a miscellaneous case to be considered by the General Duty Judge of this court. The judge will issue necessary orders after making a determination whether the case is in fact related to a previous case filed by plaintiff, and whether it is non-frivolous.

        2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

DATED: 4/4/07

                                      /s/ Gregory G. Hollows
                                      _____
                                      GREGORY G. HOLLOWS
                                      UNITED STATES MAGISTRATE JUDGE

GGH/076
espinosa1192.fr